# GARFUNKEL WILD, P.C.
ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964
www.garfunkelwild.com

JOSHUA M. ZARCONE
Senior Attorney
Licensed in NY
Email: jzarcone@garfunkelwild.com
Direct Dial: (516) 393-2589

FILE NO.: 12753.0157; 08248.0047

June 23, 2025

**By ECF**

Hon. Gary R. Brown, U.S.D.J.
U.S. District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    *Davis v. State University of New York et al.*
             Docket No. 2:24-cv-08905

Dear Judge Brown:

      This firm represents Defendants Long Island Plastic Surgical Group, P.C. ("LIPSG"), Nassau Health Care Corporation ("NHCC"), and Nassau University Medical Center ("NUMC") in the referenced action. We write to seek clarity with respect to the pre-motion conference upcoming on July 2, 2025.

      By way of brief background, co-Defendant State University of New York, Stony Brook University Medicine ("SUNY") submitted a pre-motion letter on March 24, 2025 (NYSCEF No. 17), indicating its intent to move for complete dismissal of the Complaint. The Court granted SUNY's request, set a pre-motion conference for July 2, 2025, and directed that both counsel and clients appear. NUMC and LIPSG then submitted a joint pre-motion letter on April 1, 2025 (ECF No. 21), seeking partial dismissal of the Complaint. The Court also granted that request, and set the NUMC-LIPSG pre-motion conference for May 28, 2025. On April 28, 2025, Plaintiff filed a letter indicating she *did not oppose* the NUMC-LIPSG pre-motion letter (ECF No. 25). As a result, by Orders issued on May 27, 2025 the Court determined that the NUMC-LIPSG pre-motion letter was moot, granted all relief sought by NUMC and LIPSG, and cancelled the May 28 pre-motion conference. In the interim, Plaintiff submitted a letter opposing, in part, SUNY's request for a pre-motion conference (ECF No. 25).

      In light of this procedural history, the July 2 conference is set to proceed *only* with respect to SUNY's pre-motion letter. Given this posture, it is unclear whether client representatives of NUMC and LIPSG are required to appear. If so, given that the LIPSG-NUMC pre-motion letter has been fully disposed of, and because of certain work-related commitments and scheduling conflicts affecting our primary client contacts, we hereby respectfully request that NUMC and

LIPSG representatives be excused from in-person appearances on July 2, 2025. We further respectfully request that such representatives be permitted to remain available by phone, to the extent their input becomes necessary.

We thank the Court for its time and attention to this request.

Respectfully submitted,

*/s/ Joshua M. Zarcone*

Joshua M. Zarcone
Marianne Monroy

cc: All Counsel of Record (by ECF)

GARFUNKEL WILD, P.C.

4921-4745-9664v.1